IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION,

    Plaintiff,                                              No. CIV S-12-0781 KJM-EFB

    vs.

NAFSO VLM, INC.; et al.,                    <u>ORDER</u>

    Defendants.

_____/

        On March 28, 2012, the Federal Trade Commission ("FTC," "Commission" or "plaintiff") filed a motion for a temporary restraining order (ECF 6)[1] seeking to enjoin defendants' allegedly illegal conduct, disable their websites and domain registrations, and also seeking preservation of records and expedited discovery. (Mem. P&A at 1, ECF 6-1.) For the following reasons, plaintiff's motion is granted in part and denied in part, with a hearing set on a shortened schedule for consideration of the FTC's request for a preliminary injunction.

---

[1] The court notes that plaintiff's motion is twenty-nine (29) pages long, thereby exceeding the undersigned's standing order placing a limit of twenty (20) pages on memoranda of points and authorities in support of motions, unless advance approval to exceed the limit is obtained. (ECF 4-1.) Counsel is directed to strictly comply with the Federal Rules of Civil Procedure, Local Rules, and the court's standing order in the future. Counsel is cautioned that failure to obtain the court's permission prior to filing documents in excess of court-mandated page limits is sanctionable in accordance with Local Rule 110 and can result in an order striking documents with leave to refile compliant documents or the court's ignoring all excess pages.

1

## I.   STANDARD

Plaintiff's motion is brought in accordance with section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), which is effectively divided into two segments. The first states:

> Upon a proper showing that, weighing the equities and considering the Commission's likelihood of ultimate success, [an action for temporary restraining order or preliminary injunction] would be in the public interest, and after notice to the defendant, a temporary restraining order or a preliminary injunction may be granted without bond: *Provided, however*, That if a complaint is not filed within such period (not exceeding 20 days) as may be specified by the court after issuance of the temporary restraining order or preliminary injunction, the order or injunction shall be dissolved by the court and be of no further force and effect.

This first proviso of section 13(b) thus "places a lighter burden on the Commission than that imposed on private litigants by the traditional equity standard; the Commission need not show irreparable harm to obtain a preliminary injunction." *FTC v. Warner Commc'ns, Inc.*, 742 F.2d 1156, 1159 (9th Cir. 1984).

The FTC seeks preliminary injunctive relief based upon the court's inherent equitable powers in accordance with section 13(b)'s second proviso, which states: "[I]n proper cases the Commission may seek, and after proper proof, the court may issue, a permanent injunction." Thus, under the second proviso, the FTC is not required to initiate administrative proceedings. *See FTC v. H. N. Singer, Inc.*, 668 F.2d 1107, 1111 (9th Cir. 1982) ("[Section] 13(b) gives the Commission the authority to seek, and gives the district court the authority to grant, permanent injunctions in proper cases even though the Commission does not contemplate any administrative proceedings."). Moreover, the lighter burden for granting preliminary injunctive relief is inapplicable to section 13(b)'s second proviso.[2] *See generally, id.* (citing to

---

[2] Although the FTC explicitly states it is relying upon the second proviso and therefore "its complaint is not subject to the procedural and notice requirements in the first proviso," the FTC asks that the court apply the "weighing the equities and considering the Commission's likelihood of ultimate success" standard applicable to the first proviso. (Mem. P&A at 15 n.4.)

2

first proviso of section 13(b) in finding that the FTC must meet only the lighter burden); *but see FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1233 (9th Cir. 1999) (applying lighter burden in a second proviso context).[3] Where the FTC seeks preliminary injunctive relief in accordance with the second proviso, as here, the court must analyze the FTC's request in accordance with the equitable standard set forth in Federal Rule of Civil Procedure 65(b). *Id.* at 1111 ("It is clear that, because the district court has the power to issue a permanent injunction to enjoin acts or practices that violate the law enforced by the Commission, it also has authority to grant whatever preliminary injunctions are justified by the usual equitable standards and are sought in accordance with Rule 65(a). (citation omitted)"); *see, e.g., FTC v. Evans Prods. Co.*, 775 F.2d 1084, 1088 (9th Cir. 1985) (applying Rule 65 standard); *see also FTC v. Weyerhaeuser Co.*, 665 F.2d 1072, 1081-82 (D.C. Cir. 1981) (discussing statutory history in context of amendment to proviso one of section 13(b), whereby public interest standard rather than traditional equity standard was codified as the applicable standard). Indeed, plaintiff's proposed order references Rule 65 as the basis for its motion. (*See* ECF 6-18 at 1, 2 (stating in relevant part that plaintiff "has filed . . . a motion for temporary restraining order . . . pursuant to Rule 65(b)," and proposing a finding of "good cause to believe that consumers will suffer immediate and continuing harm unless Defendants are immediately restrained.").)

Under Rule 65, a temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse

---

The lighter burden, however, appears properly reserved for use in assessing applications for temporary restraining orders and preliminary injunctions when an administrative proceeding, a necessary safeguard when applying such a lenient standard, is pending or imminent.

[3] The *Affordable Media* case on its face appears to create an ambiguity in the law, in that it applies the lighter burden to a second proviso case. However, in *Affordable Media*, the court relied on *FTC v. Warner Communications, Inc.*, 742 F.2d at 1159, which applied the lighter burden to a first proviso case. *See also FTC v. World Wide Factors, Ltd.*, 882 F.2d 344, 346-47 (9th Cir. 1989) (applying lighter burden in apparent second proviso case without clearly distinguishing under which proviso request for injunctive relief was brought). In this court's view, the *Singer* case cited in the body of this order represents the weight of Ninth Circuit authority.

party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008); *see Stuhlbarg Int'l. Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analyses for temporary restraining order and preliminary injunction "substantially identical"). A plaintiff must satisfy all four prongs of this test. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Furthermore, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 129 S. Ct. at 375-76. Rather, "plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction." *Id.* at 375 (emphasis in original). "In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Id*. at 376 (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987)). The Ninth Circuit employs the "serious questions" test, which states "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Wild Rockies*, 632 F.3d at 1135.

/////

/////

## II. ANALYSIS

Plaintiff contends that, since at least January 2011, defendants have marketed auto loan modification services via the internet and telemarketing, whereby they promise to modify consumers' auto loans to make their monthly payments more affordable after they have been paid an up-front fee. (Mem. P&A at 3-4.) However, in most cases "Defendants fail to obtain the promised auto loan modifications, and in some instances, consumers get their cars repossessed. Many consumers discover that Defendants never even contacted their lenders. Many consumers also report that the Defendants fail to honor their refund policies." (*Id.* at 4.) Plaintiff contends it is likely to succeed on the merits and that the equities weigh in favor of granting immediate relief. However, plaintiff does not contend that there is likely to be irreparable harm in the absence of preliminary relief, which is a necessary element for granting a temporary restraining order under Rule 65, *see Wild Rockies*, 632 F.3d at 1135, and in fact disavows its need to demonstrate irreparable injury (Mem. P&A at 17). Plaintiff furthermore does not indicate how the issuance of a temporary restraining order will preserve the status quo.

At the same time, the court recognizes the immediate need to order defendants to preserve records, including electronic records. The court has broad equitable powers when the public interest is implicated by a proceeding. *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946); *see also Evans Prods.*, 775 F.2d at 1088 ("Courts have inherent equitable powers to grant ancillary relief . . . ."). Accordingly, the court with this order enjoins defendants from destroying evidence pending the resolution of this action. The court also grants plaintiff's request for expedited discovery. "A court may authorize discovery before the Rule 26(f) conference for the parties' convenience and in the interests of justice." *Megaupload, Ltd. v. Universal Music Group, Inc.*, No. 11-cv-6216 CW (JSC), 2012 U.S. Dist. LEXIS 8531, at *4 (N.D. Cal. Jan. 25, 2012). The court analyzes requests for expedited discovery according to a good cause standard, whereby it considers the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purposes for requesting

the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* at *5 (internal quotation omitted). Here, plaintiff seeks limited expedited discovery "to identify possible additional defendants, locate documents pertaining to Defendants' businesses, and locate Defendants, should they attempt to evade service." (Mem. P&A at 28.) The court finds good cause exists, as the need for this expedited discovery outweighs any potential prejudice to the responding party, a hearing on plaintiff's request for preliminary injunction is pending, and this request is limited and does not place a heavy burden on defendants. *See Megaupload*, 2012 U.S. Dist. LEXIS 8531, at *5. Good cause also exists as plaintiff alleges that "there is ongoing harm [and that] the evidence sought is in danger of destruction or loss." *Id.* at 6.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's motion for a temporary restraining order is DENIED.
2. However, plaintiff's motion is GRANTED insofar as it requests that the court order defendants to preserve records, including electronic records, and evidence and allow plaintiff to conduct limited expedited discovery.
    a. Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby temporarily restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents that relate to the business practices, or business or personal finances, of any defendant.

/////

      b.    Plaintiff may conduct expedited discovery in advance of the pending hearing on its request for preliminary injunction. Such discovery shall be limited to identifying possible additional defendants, locating documents pertaining to defendants' businesses, and locating defendants, should they attempt to evade service.

3. A hearing on plaintiff's request for a preliminary injunction is set for April 11, 2012 at 1 p.m. Any opposition shall be filed no later than April 6, 2012 and any reply shall be filed no later than April 9, 2012. Plaintiff shall notify defendants of this hearing and briefing schedule.

IT IS SO ORDERED.

DATED: March 29, 2012.

                                        UNITED STATES DISTRICT JUDGE