1
2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

3
4

**FEDERAL TRADE COMMISSION,**                    **Case No. 2:12-cv-00781-KJM-EFB**

5

Plaintiff,                                       **STIPULATED FINAL ORDER FOR**
**PERMANENT INJUNCTION AND**

6

v.                                               **SETTLEMENT OF CLAIMS**

7

**NAFSO VLM, INC., et al.,**

8

Defendants.

9

10       Plaintiff Federal Trade Commission ("FTC") commenced this civil action on March

11   27, 2012, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), to obtain preliminary

12   and permanent injunctive and other equitable relief for Defendants' alleged violations of

13   Section 5 of the FTC Act, 15 U.S.C. § 45, in connection with the marketing and sale of motor

14   vehicle loan assistance relief services.  *See* Dkt. No. 1.  On April 20, 2012, the FTC and

15   Defendants agreed to, and the Court entered, a stipulated Preliminary Injunction.  *See* Dkt.

16   No. 23.  Now, the FTC and Defendants hereby stipulate to the entry of this Final Order for

17   Permanent Injunction and Settlement of Claims ("Order").

18

19                                       **FINDINGS**

20

21       By stipulation of the parties and being advised of the premises, the Court finds:

22   1.   This is an action by the FTC instituted under Section 13(b) of the FTC Act, 15 U.S.C.

23        § 53(b).  The Complaint seeks both permanent injunctive relief and equitable

24        monetary relief for Defendants' alleged deceptive acts or practices as alleged therein.

25

26

27

28   *Stipulated Final Order*                  Page 1 of  23

2.    The FTC has the authority under Section 13(b) of the FTC Act to seek the relief it has requested, and the Complaint states a claim upon which relief can be granted against Defendants.

3.    This Court has jurisdiction over the subject matter of this case and has jurisdiction over Defendants.  Venue in the Eastern District of California is proper.

4.    The activities of Defendants, as alleged in the Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.    Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

6.    Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order.  Defendants also waive any claim that they may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order.  Each settling party shall bear its own costs and attorneys fees.

7.    This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

8.    Entry of this Order is in the public interest.

## DEFINITIONS

1.    "**Assisting others**" includes, but is not limited to, providing any of the following goods or services to another person:

*Stipulated Final Order*                Page 2 of  23

A.    performing customer service functions, including, but not limited to, receiving or responding to consumer complaints;

B.    formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material, including but not limited to, the text of any Internet website, email, or other electronic communication;

C.    providing names of, or assisting in the generation of, potential customers;

D.    performing marketing services of any kind; or

E.    acting or serving as an owner, officer, director, manager, or principal of any entity.

2.    **"Competent and reliable evidence"** means tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that has been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results.

3.    **"Customer"** means any person who has paid, or may be required to pay, for products, services, plans, or programs offered for sale or sold by any other person.

4.    "**Defendants**" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination. "Individual Defendants" means Naythem Nafso and Michael Kamfiroozie.  "Corporate Defendants" means NAFSO VLM, Inc., also d/b/a Vehicle Loan Modification; Kore Services, LLC, also d/b/a Auto Debt Consulting; and their successors and assigns.

5.   **"Financial related product or service"** means any product, service, plan, or program represented, expressly or by implication, to:

    A.   provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

    B.   improve, or arrange to improve, any consumer's credit record, credit history, or credit rating;

    C.   provide advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating; or

    D.   provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit.

6.   **"Motor vehicle"** means (a) any self-propelled vehicle designed for transporting persons or property on a street, highway, or other road; (b) recreational boats and marine equipment; (c) motorcycles; (d) motor homes, recreational vehicle trailers, and slide-in campers; and (e) other vehicles that are titled and sold through dealers.

7.   **"Motor vehicle dealer"** means any person or resident in the United States, or any territory of the United States, who (a) is licensed by a State, a territory of the United States, or the District of Columbia to engage in the sale of motor vehicles; and (B) takes title to, holds an ownership in, or takes physical custody of motor vehicles.

8.   **"Motor vehicle loan"** means any loan secured by title to a motor vehicle or otherwise secured by the motor vehicle as collateral.

9.   "**Motor vehicle loan assistance relief product or service**" means any product, service, plan, or program, offered or provided to the consumer in exchange for consideration, that is represented, expressly or by implication, to assist or attempt to assist the consumer with any of the following:

A.   stopping, preventing, or postponing any repossession of the consumer's motor vehicle, or otherwise saving the consumer's motor vehicle from repossession;

B.   negotiating, obtaining, or arranging a modification of any term of a motor vehicle loan, including a reduction in the amount of interest, principal balance, monthly payments, or fees;

C.   obtaining any forbearance or modification in the timing of payments from any motor vehicle loan holder or servicer on any motor vehicle loan;

D.   negotiating, obtaining, or arranging any extension of the period of time within which the consumer may (i) cure his or her default on a motor vehicle loan, (ii) reinstate his or her motor vehicle loan, (iii) redeem a motor vehicle, or (iv) exercise any right to reinstate a motor vehicle loan or redeem a motor vehicle;

E.   obtaining any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any motor vehicle; or

F.   negotiating, obtaining, or arranging a sale of a motor vehicle or any other disposition of a motor vehicle loan other than a sale to a third party that is not the motor vehicle loan holder.

The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a consumer's motor vehicle loan application.

10.     "**Person**" means a natural person, organization, or other legal entity, including a

corporation, partnership, proprietorship, association, cooperative, or any other group

or combination acting as an entity.

**ORDER**

**BAN ON ASSISTANCE RELIEF PRODUCTS AND SERVICES FOR SECURED AND UNSECURED LOANS**

I.     **IT IS THEREFORE ORDERED** that Defendants, whether acting directly or through

any other person, are permanently restrained and enjoined from:

A.     Advertising, marketing, promoting, offering for sale, or selling any motor

vehicle loan assistance relief product or service or any product, service, plan,

or program represented, expressly or by implication, to renegotiate, settle, or in

any way alter the terms of payment or other terms of the debt or obligation,

between a person and one or more secured or unsecured creditors or debt

collectors, including but not limited to, a reduction in the balance, interest rate,

or fees owed by a person to a secured or unsecured creditor or debt collector;

and

B.     Assisting others engaged in advertising, marketing, promoting, offering for

sale, or selling any motor vehicle loan assistance relief product or service or

any product, service, plan, or program represented, expressly or by implication,

to renegotiate, settle, or in any way alter the terms of payment or other terms of

the debt or obligation, between a person and one or more secured or unsecured

creditors or debt collectors, including but not limited to, a reduction in the

balance, interest rate, or fees owed by a person to a secured or unsecured

creditor or debt collector.

*Provided*, that Sections I.A. and I.B. shall not prohibit the Individual Defendants from

engaging in any activity involving or related to the sale, leasing, rental, repair,

refurbishment, maintenance, or other servicing of motor vehicles, motor vehicle parts,

or any related or ancillary product or service, when engaged in such activity as, or

employed by, a motor vehicle dealer that (1) is predominantly engaged in the sale and

servicing of motor vehicles and/or the leasing and servicing of motor vehicles and (2)

extends retail credit or retail leases involving motor vehicles directly to consumers and

in which the contract governing such extension of retail credit or retail leases is

routinely assigned to an unaffiliated third party finance or leasing source.

**PROHIBITED MISREPRESENTATIONS RELATING TO FINANCIAL RELATED PRODUCTS OR SERVICES**

**II.     IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants,

employees, and attorneys, and those persons or entities in active concert or

participation with any of them who receive actual notice of this Order by personal

service, facsimile transmission, email, or otherwise, whether acting directly or through

any corporation, subsidiary, division, or other device, in connection with the

advertising, marketing, promotion, offering for sale or sale of any financial related

product or service, are hereby permanently restrained and enjoined from:

A.     Misrepresenting or assisting others in misrepresenting, expressly or by

implication, any material fact, including but not limited to:

1. The terms or rates that are available for any loan or other extension of credit, including but not limited to:

   a. closing costs or other fees;

   b. the payment schedule, the monthly payment amount(s), or other payment terms, or whether there is a balloon payment; interest rate(s), annual percentage rate(s), or finance charge; the loan amount, the amount of credit, the draw amount, or outstanding balance; the loan term, the draw period, or maturity; or any other term of credit;

   c. the savings associated with the credit;

   d. the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

   e. whether the payment of the minimum amount specified each month covers both interest and principal, and whether the credit has or can result in negative amortization;

   f. that the credit does not have a prepayment penalty or that no prepayment penalty and/or other fees or costs will be incurred if the consumer subsequently refinances; and

   g. that the interest rate(s) or annual percentage rate(s) are fixed rather than adjustable or adjustable rather than fixed;

*Stipulated Final Order*            Page 8 of 23

2. Any person's ability to improve or otherwise affect a consumer's credit record, credit history, or credit rating or ability to obtain credit;

3. That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete; and

4. That a consumer will receive legal representation;

B. Advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender.

**PROHIBITED MISREPRESENTATIONS RELATING TO ANY PRODUCTS OR SERVICES**

III. **IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any product, service, plan, or program are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

A. Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of

*Stipulated Final Order*                     Page 9 of  23

a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

B.  That any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; public, non-profit, or other non-commercial program; or any other program;

C.  The nature, expertise, position, or job title of any person who provides any product, service, plan, or program;

D.  That any person will provide any product, service, plan, or program to any consumer;

E.  That any person providing a testimonial has purchased, received, or used the product, service, plan, or program;

F.  That the experience represented in a testimonial of the product, service, plan, or program represents the person's actual experience resulting from the use of the product, service, plan, or program under the circumstances depicted in the advertisement;

G.  The total costs to purchase, receive, or use, or the quantity of, the product, service, plan, or program;

H.  Any material restriction, limitation, or condition on purchasing, receiving, or using the product, service, plan, or program; or

I.  Any material aspect of the performance, efficacy, nature, or characteristics of the product, service, plan, or program.

**SUBSTANTIATION FOR BENEFIT, PERFORMANCE, AND EFFICACY CLAIMS**

IV.     **IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants,

employees, and attorneys, and those persons or entities in active concert or

participation with any of them who receive actual notice of this Order by personal

service, facsimile transmission, email, or otherwise, whether acting directly or through

any corporation, subsidiary, division, or other device, in connection with the

advertising, marketing, promotion, offering for sale, or sale of any product or service

are hereby permanently restrained and enjoined from making any representation or

assisting others in making any representation, expressly or by implication, about the

benefits, performance, or efficacy of such product or service, unless at the time such

representation is made, Defendants possess and rely upon competent and reliable

evidence that substantiates that the representation is true.

**CUSTOMER INFORMATION**

V.      **IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers,

agents, servants, employees, and attorneys, and those persons or entities in active

concert or participation with any of them who receive actual notice of this Order by

personal service, facsimile transmission, email, or otherwise, whether acting directly

or through any corporation, subsidiary, division, or other device, are permanently

restrained and enjoined from:

A.      failing to provide sufficient customer information to enable the FTC to

administer efficiently consumer redress.  If a representative of the FTC

*Stipulated Final Order*                    Page 11 of  23

requests in writing any information related to redress, Defendants must provide

it, in the form prescribed by the FTC, within 14 days.

B.   disclosing, using, or benefitting from customer information, including the

name, address, telephone number, email address, social security number, other

identifying information, or any data that enables access to a customer's account

(including a credit card, bank account, or other financial account) of any

person that any Defendant obtained prior to entry of this Order in connection

with the advertising, marketing, promotion, offering for sale or sale of any

motor vehicle loan assistance relief product or service, and

C.   failing to dispose of such customer information in all forms in their possession,

custody, or control within thirty (30) days after receipt of written direction to

do so from a representative of the FTC.  Disposal shall be by means that

protect against unauthorized access to the customer information, such as by

burning, pulverizing, or shredding any papers, and by erasing or destroying any

electronic media, to ensure that the customer information cannot practicably be

read or reconstructed.

D.   **Provided, however,** that customer information need not be disposed of, and

may be disclosed, to the extent requested by a government agency or required

by a law, regulation, or court order.

//

//

//

*Stipulated Final Order*                    Page 12 of  23

**MONETARY JUDGMENT**

**VI.    IT IS FURTHER ORDERED** that:

A.     Judgment is hereby entered in favor of the FTC against Defendants, jointly and

severally, in the amount of TWO HUNDRED SEVENTY NINE THOUSAND,

SEVEN HUNDRED TWENTY EIGHT DOLLARS ($279,728); *provided,*

*however,* that this judgment shall be suspended as to the Individual

Defendants, subject to Section VII of this Order.

B.     In partial satisfaction of the judgment against Defendants:

1.     Bank of America NA shall, within ten (10) business days from receipt

of a copy of this Order, transfer to the FTC or its designated agent all

funds, if any, held in (a) account number xxxx7964 in the name of Kore

Services, LLC and (b) account number xxxx7152 in the name of

NAFSO VLM, Inc.;

2.     Wells Fargo Bank NA shall, within ten (10) business days from receipt

of a copy of this Order, transfer to the FTC or its designated agent all

funds, if any, held in (a) account number xxxx7167 in the name of Kore

Services, LLC, (b) account number xxxx5123 in the name of Kore

Services, LLC, (c) account number xxxx7175 in the name of Kore

Services, LLC, (d) account number xxxx5131 in the name of Kore

Services, LLC, (e) account number xxxx8125 in the name of Smaxter,

Inc., and (f) account number xxxx7207 in the name of Smaxter, Inc.;

3.     JPMorgan Chase Bank NA shall, within ten (10) business days from receipt of a copy of this Order, transfer to the FTC or its designated agent all funds, if any, held in (a) account number xxxx6889 in the name of Kore Services, LLC, (b) account number xxxx0797 in the name of Kore Services, LLC, (c) account number xxxx1857 in the name of NAFSO VLM, Inc., and (d) account number xxxx8972 in the name of NAFSO VLM, Inc.;

C.     All money paid to the FTC pursuant to this Order may be deposited into a fund administered by the FTC or its designee to be used for equitable relief, including but not limited to consumer redress and any attendant expenses for the administration of any redress funds.  If a representative of the FTC decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the FTC may apply any remaining money for such other equitable relief, including but not limited to consumer information remedies, as the FTC determines to be reasonably related to the practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as equitable disgorgement. Defendants have no right to challenge any actions the FTC or its representatives may take pursuant to this Subsection.

D.     Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

*Stipulated Final Order*            Page 14 of  23

E.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the FTC, including but not limited to in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

F.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the FTC pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

G.      Defendants agree that the judgment entered pursuant to this Section is equitable monetary relief, solely remedial and restitutionary in nature, and not a fine, penalty, punitive assessment or forfeiture.

H.      Upon request, Defendants are hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the FTC their tax identification numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

I.      Pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), any consumer reporting agency may furnish a consumer report concerning Defendants to the FTC, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

//

//

*Stipulated Final Order*                    Page 15 of  23

**RIGHT TO REOPEN**

**VII.**  **IT IS FURTHER ORDERED** that, the FTC's agreement to, and the Court's approval

of, this Order is expressly premised on the truthfulness, accuracy and completeness of

the Individual Defendants' financial statements previously submitted to the FTC.  If,

upon motion by the FTC, the Court finds that the financial statement of an Individual

Defendant contains any material misrepresentation or omission, the judgment entered

in Section VI of this Order shall be reinstated and become immediately due and

payable as to that Individual Defendant, less any amounts turned over to the FTC or its

designated agent pursuant to Section VI of this Order; *provided, however,* that in all

other respects this Order shall remain in full force and effect unless otherwise ordered

by the Court; and, *provided further*, that proceedings instituted under this provision

would be in addition to, and not in lieu of, any other civil or criminal remedies as may

be provided by law, including any other proceedings that the FTC may initiate to

enforce this Order.  For purposes of this Section, the Individual Defendants waive any

right to contest any of the allegations in the Complaint.

**ORDER ACKNOWLEDGMENTS**

**VIII.**  **IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of

this Order:

A.  Each Defendant, within 7 days of entry of this Order, must submit to the FTC

an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For 5 years after entry of this Order, each Individual Defendant for any

business that such Defendant, individually or collectively with any other

Defendant, is the majority owner or directly or indirectly controls, and each

Corporate Defendant, must deliver a copy of this Order to:  (1) all principals,

officers, directors, and LLC managers and members; (2) all employees, agents,

and representatives who participate in conduct related to the subject matter of

the Order; and (3) any business entity resulting from any change in structure as

set forth in the Section titled Compliance Reporting.  Delivery must occur

within 7 days of entry of this Order for current personnel.  To all others,

delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which a Defendant delivered a copy of this

Order, that Defendant must obtain, within 30 days, a signed and dated

acknowledgment of receipt of this Order.

## COMPLIANCE REPORTING

**IX.**     **IT IS FURTHER ORDERED** that Defendants make timely submissions to the FTC:

A.     One year after entry of this Order, each Defendant must submit a compliance

report, sworn under penalty of perjury.

1.     Each Defendant must:  (a) designate at least one telephone number and

an email, physical, and postal address as points of contact, which

representatives of the FTC may use to communicate with Defendant;

(b) identify all of that Defendant's businesses by all of their names,

telephone numbers, and physical, postal, email, and Internet addresses;

(c) describe the activities of each business, including the products and

services offered, the means of advertising, marketing, and sales, and the

involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment  obtained pursuant to this Order, unless previously submitted to the FTC;

2.    Additionally, each Individual Defendant must:  (a) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (b) identify all titles and roles in all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.    For 10 years following entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.    Each Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this

Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, each Individual Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify its name, physical address, and Internet address, if any.

C. Each Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600

*Stipulated Final Order*                      Page 19 of  23

Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must

begin:  *FTC v. NAFSO VLM, et al.*, Matter Number X120017.

**RECORDKEEPING**

**X.**     **IT IS FURTHER ORDERED** that Defendants must create certain records for 10

years after entry of the Order, and retain each such record for 5 years.  Specifically,

each Corporate Defendant and each Individual Defendant for any business in which

that Defendant, individually or collectively with any other Defendants, is a majority

owner or directly or indirectly controls, must maintain the following records:

A.     Accounting records showing the revenues from all goods or services sold, all

costs incurred in generating those revenues, and the resulting net profit or loss;

B.     Personnel records showing, for each person providing services, whether as an

employee or otherwise, that person's:  name, addresses, and telephone

numbers; job title or position; dates of service; and, if applicable, the reason for

termination;

C.     Complaints and refund requests, whether received directly or indirectly, such

as through a third party, and any response;

D.     All records necessary to demonstrate full compliance with each provision of

this Order, including all submissions to the FTC; and

E.     A copy of each advertisement or other marketing material.

**COMPLIANCE MONITORING**

**XI.**     **IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants'

compliance with this Order, including the financial representations upon which part of

*Stipulated Final Order*                    Page 20 of  23

the judgment was suspended and any failure to transfer any assets as required by this

Order:

A.    Within 14 days of receipt of a written request from a representative of the FTC, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying.  The FTC is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.    For matters concerning this Order, the FTC is authorized to communicate directly with each Defendant.  Defendant must permit representatives of the FTC to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.    The FTC may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

//

//

*Stipulated Final Order*                              Page 21 of  23

**RETENTION OF JURISDICTION**

XII.    **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

**IT IS SO STIPULATED:**


_____            _____

NAYTHEM NAFSO, Defendant[1]                 NAFSO VLM, INC., Defendant
                                            By: Naythem Nafso


_____            _____

MICHAEL KAMFIROOZIE, Defendant              KORE SERVICES, LLC, Defendant
                                            By: Michael Kamfiroozie


_____

ROLAND C. COLTON
Law Offices of Roland Colton
28202 Cabot Road, Suite 300
Laguna Niguel, CA. 92677
Telephone: 949-365-5660
Facsimile: 949-365-5662

Attorney for Defendants


_____

GREGORY A. ASHE
STEPHANIE K. ROSENTHAL
Federal Trade Commission
600 Pennsylvania Avenue NW, Room NJ3158
Washington, DC 20580
Telephone: 202-326-3719 (Ashe)
Telephone: 202-326-3332 (Rosenthal)
Facsimile: 202-326-3768

Attorneys for Plaintiff

---

[1]  The court acknowledges receipt of a copy of the stipulated order signed by all parties.

*Stipulated Final Order*              Page 22 of  23

**IT IS SO ORDERED**, this 8th day of February, 2013.

_____
UNITED STATES DISTRICT JUDGE